BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

| | |
|---|---|
| TOM SAWYER, ) | |
| Plaintiff, ) | |
| vs. ) | |
| STATE FARM MUTUAL ) AUTOMOBILE INSURANCE ) CO., ) | |
| Defendant. ) | |

**COPY**
Original Received
SEP 0 7 2017
Clerk of the Trial Courts

Case No. 3AN-17-9028 CI

## COMPLAINT

COMES NOW the plaintiff, TOM SAWYER, by and through his attorneys, BARBER & ASSOCIATES, LLC and for his complaint against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. That at all times material hereto, defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. (hereinafter referred to as "State Farm") was and is an insurance company doing business in the Third Judicial District, Alaska.

3. On 11/10/15, the plaintiff suffered bodily injury in an auto accident

4177 / 01 Complaint
Sawyer v State Farm Mutual Automobile Ins. Co.
Page 1

caused by the driver of another motor vehicle on Tudor Rd. near the intersection of Boniface in Anchorage, Alaska.

4. The defendant exhausted its $25,000 medical payment coverage for treatment to the plaintiff which it determined was reasonable and necessary and caused by the 11/10/15 auto collision.

5. The other driver's insurer Allstate agreed to pay its $50,000 liability bodily injury policy limits.

6. Allstate's payment used up the limits of all liability bodily injury policy limits which applied to the 11/10/15 collision and triggered an underinsured motorist (UIM) bodily injury (BI) claim.

7. The plaintiff was insured for UIM BI coverage by the defendant for the 11/10/15 collision.

8. The plaintiff submitted a UIM BI claim to the defendant.

9. A UIM BI claim is a first-party auto insurance claim.

10. The defendant adjusted the plaintiff's UIM BI claim.

11. All of the plaintiff's bodily injury damages substantially caused by the 11/10/15 collision are covered under the defendant's UIM BI claim as long as the driver in the other vehicle's negligence caused the collision.

12. The driver of the other vehicle's negligence caused the 11/10/15 collision.

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

13. Any bodily injury damage to the plaintiff substantially caused by the 11/10/15 collision is payable under the defendant's UIM BI coverage.

14. Any past and future medical expenses substantially caused by the 11/10/15 collision are covered by the plaintiff's UIM BI coverage.

15. Any past and future pain and suffering substantially caused by the 11/10/15 collision are covered by the plaintiff's UIM BI coverage.

16. Any past and future loss of enjoyment of life substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

17. Any past and future loss of earnings substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

18. Any past and future inconvenience substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

19. Any past and future loss of household services substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

20. Any diminished earning capacity substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

21. Any past and future physical impairment substantially caused by the 11/10/15 collision is covered by the plaintiff's UIM BI coverage.

22. On 3/16/17, the plaintiff, through counsel, requested the defendant to promptly

adjust and pay his UIM BI claim.

25. On 5/16/17, the defendant communicated its adjustment of $35,923.25 in "special damages" and $44,000.00 in "general damages" caused by the 11/10/15 collision, with $4,923.25 payable by the defendant under plaintiff's UIM BI coverage.

26. The plaintiff's past and future bodily injury damages from the 11/10/15 auto collision exceed $4,923.25.

29. The plaintiff requests declaratory judgment of his UIM BI damage payable under the defendant's policy which exceeds $4,923.25 up to the limit of his policy.

30. The defendant's adjuster was obligated to reasonably investigate the plaintiff's UIM BI claim.

31. The defendant's adjuster was obligated to fairly and objectively evaluate the plaintiff's UIM BI claim.

32. The defendant's adjuster was obligated to be even-handed and unbiased.

33. The defendant's adjuster was required to treat the plaintiff's interests with equal regard as the defendant's interests when handling the UIM BI claim.

34. The defendant's adjuster neither called nor interviewed any of the plaintiff's medical providers.

35. The defendant's adjuster did not correspond with any of the plaintiff's

medical providers.

36. The defendant's adjuster interviewed none of the plaintiff's family members about his condition.

37. The defendant's adjuster interviewed no witnesses regarding the plaintiff's UIM BI claim.

38. The defendant's adjuster did not consult with any medical expert regarding the plaintiff's UIM BI claim.

39. The defendant's adjuster had no medical degree or specialized medical training.

40. The defendant's employees handled the plaintiff's UIM BI claim in a biased manner.

41. The defendant's employees handled the plaintiff's UIM BI claim in an arbitrary and capricious manner.

42. The defendant intentionally trains its employees to evaluate bodily injury claims in a biased manner placing its own interests ahead of its insureds.

43. The defendant is liable for negligent and/or reckless and/or intentionally unreasonable training.

44. The defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or respondeat superior and/or agency.

4177 / 01 Complaint
Sawyer v State Farm Mutual Automobile Ins. Co.
Page 5

45. The defendant negligently and/or recklessly adjusted the plaintiff's UIM BI claim which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

46. The defendant is liable for breach of contract.

47. The defendant is liable for breach of the covenant of good faith and fair dealing.

48. The defendant negligently and/or recklessly and/or intentionally harmed the plaintiff.

49. The defendant was motivated by financial gain.

50. The defendant is liable for exemplary or punitive damages for conduct evidencing reckless disregard to the interests of the plaintiff and/or outrageous conduct.

51. The defendant is liable for past and/or future: medical expense, wage loss, diminished earning capacity, disfigurement, pain, suffering, disability, loss of capacity for enjoyment of life, emotional distress, inconvenience, physical impairment, loss of household services, and other non-pecuniary damages to be more fully set forth at trial, caused by the all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendant for an amount greater than $100,000.00 (ONE

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

Case 3:17-cv-00227-JWS   Document 1-1   Filed 10/25/17   Page 6 of 7

HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this _6_ day of September, 2017.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

3030 / 01 Complaint
Miller v State Farm Mutual Automobile Ins. Co.
Page 7